HAROLD L. GOERLICH et al., Plaintiffs, *v.* MABEL F. JAFFA, Defendant.

Supreme Court, Special Term, Nassau County, July 31, 1962.

*Cordes, Purcell, Jewell & Ingrad* for plaintiffs. *Edward M. Miller* for defendant.

THOMAS P. FARLEY, J. This is a renewal of an application to open plaintiffs' default and to vacate a judgment entered in the action by reason of plaintiffs' failure to oppose defendant's motion for summary judgment on a counterclaim. It also appears that the plaintiffs' reply to the counterclaim was stricken for failure to appear for examination before trial pursuant to order. A prior application for this same relief was denied by the court (April 16, 1962, MEYER, J.) with leave to renew on papers setting forth factual data establishing merit.

This action was commenced by the plaintiffs to declare a mortgage and mortgage note usurious and void. The defendant interposed a counterclaim to foreclose the mortgage, and to recover attorney fees provided by the mortgage. The original

complaint was dismissed as legally insufficient, and service of an amended complaint was rejected as made untimely. While the plaintiffs contend their time to serve an amended complaint was extended by agreement, they have never resorted to the court to have their rights determined in this respect. Consequently, the court at this stage of the proceedings is solely concerned with the merits of the plaintiffs' reply to the defendant's counterclaim.

The defense to the counterclaim is based on a claim of usury. On September 11, 1959, the plaintiffs obtained a loan from the builder (Pine Drive Associates, Inc.) from whom they purchased their premises. The loan was evidenced by a note secured by a mortgage covering the plaintiffs' property. Both instruments were thereafter assigned to the defendant.

At the time the transaction was made, the premises were not fully completed, and the plaintiffs state that the consideration for the loan consisted of their agreement to refrain from requiring the building contractor to finish the work. The original estimated cost of completion was $300, but the plaintiffs now contend the actual cost approximates $1,000. The agreement is said by the plaintiffs to constitute the receipt by the maker of the loan of an illegal bonus within the purview of section 371 of the General Business Law.

The defendant assignee of the note is also charged with notice of the nature of the transaction arising from an alleged holding of office in the corporate lender, and from her husband, who was president of said corporation and an actual participant in the loan negotiations.

It would appear to the court that the plaintiffs have sufficiently established a meritorious defense. Their defaults, however, have occasioned prejudice to the defendant. A receiver and Referee have been appointed in the foreclosure proceedings, and a sale is imminent. The counterclaim to recover attorney fees has proceeded to inquest and final judgment. Under these circumstances, the default may not be opened unconditionally.

The court, accordingly, grants the motion on condition that (1) the judgment shall stand as security; (2) the plaintiffs shall submit to an examination before trial within five days from the date of the order hereon; (3) the plaintiffs shall pay the defendant $150 for expenses incurred within 15 days from the date of the order hereon; (4) the plaintiffs shall pay to the receiver appointed herein the reasonable rental value of the premises, monthly, until the action is concluded; and (5) that the plaintiffs complete all their preliminary proceedings not later than September 11, 1962. Upon proof of compliance with

the foregoing conditions, the motion for summary judgment by the defendant will be restored to the Calendar of Special Term, Part I of this court on September 18, 1962. All additional papers, if any, in support of the motion shall be filed on or before September 14, 1962. In the event the parties cannot agree on the rental value of the premises, the court will fix the same in the order to be entered hereon.